[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION FOR STAY
Defendant moves the court to stay this action "until arbitration has been completed."
FACTS
On November 30, 1983, Paint Works Corporate Associates-W (Paint) entered into a lease agreement (Lease) with RCA Corporation (RCA) in connection with real property in Gibbsboro, New Jersey. Paragraph 19(g) of the Lease provided that in the event that the tenant exercised its CT Page 3732 option to terminate the Lease, the tenant agreed to pay a termination penalty.
On August 28, 1985, Paint and the plaintiff entered into a certain commercial financing transaction. As part of that transaction, Paint and plaintiff entered into a certain mortgage and security agreement, and an assignment of leases, rents and profits; neither are relevant or material to this action. On that same date, Paint, plaintiff and RCA, a tenant of Paint, entered into a Subordination, Non-Disturbance, Attornment and Lease Modification Agreement (Subordination Agreement) pursuant to which Paint assigned all of its right, title and interest to the termination penalties under the Lease to plaintiff. Under that Subordination Agreement plaintiff did not receive an assignment of the Lease. Under the Subordination Agreement, paragraph 1, RCA agreed "to attorn to and recognize Travelers . . . as [its] landlord" upon written request. No such attornment occurred. Under the Subordination Agreement, RCA expressly agreed to make payment of any termination penalty directly to plaintiff. It is only defendants' obligations under the Subordination Agreement that are in dispute in this action.
On June 30, 1986, Paint and RCA executed a Lease Amendment Agreement (Amendment) increasing the termination penalty for termination in the eighth year to $543,760.00. Plaintiff approved the Amendment. The Amendment did not change the provision in the Subordination Agreement which stated that the lease termination penalty was to be paid directly to plaintiff.
On November 20, 1990, defendant executed a Tenant Estoppel Certificate (Certificate). The Certificate affirms defendants' assumption of RCA's obligations under the Lease. Under the Certificate, defendant affirmed that it was the tenant under the Lease and that it had no claim of default, offset or defense to the payment of rent and other charges under the Lease. As a tenant, defendant assumed the specific obligation of RCA under the Subordination Agreement to pay the lease termination penalty directly to plaintiff.
In July of 1992, defendant prematurely terminated the Lease. As provided in the Lease, the premature CT Page 3733 termination triggered defendants' obligation to pay the termination penalty. Under the Subordination Agreement, that payment was to be made directly to plaintiff. Defendant did not pay the lease termination penalty to plaintiff, as directed by the Subordination Agreement.
On July 31, 1992, plaintiff made demand upon defendant for payment of that lease termination penalty. Defendant has failed to make payment of that sum. By letter to plaintiff, dated August 19, 1992, defendant claims that it paid the lease termination penalty to Paint. That payment was made in error.
Defendant has claimed a right to arbitrate the question of payment by it for the lease termination penalty.
First, prejudgment remedies are allowed even in cases in which arbitration is expected and required. C.G.S. 52-422.[1]
Second, the defendant has not proven that the plaintiff agreed to arbitrate the issue.
Motion for stay is denied.
N. O'Neill, J.